IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARDELLINI HOLDINGS INC., a Canadian corporation and DONATO ARDELLINI, an individual,<br><br>**Plaintiffs,**<br><br>v.<br><br>LAMSON DUGAN & MURRAY, LLP, a Nebraska Limited Liability Partnership, and ANDREW HUBER, an individual,<br><br>**Defendants.** | Case No. 25-cv-613<br><br>COMPLAINT<br><br>JURY DEMAND |

COME NOW the Plaintiffs Ardellini Holdings Inc., and Donato Ardellini for their Complaint, states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff, Ardellini Holdings Inc. ("Ardellini Holdings") is a foreign corporation organized under the laws of Canada.

2. Donato Ardellini ("Ardellini") is an individual residing in Ontario, Canada.

3. Defendant Lamson Dugan & Murray, LLP ("LDM") is a law firm and Nebraska limited liability partnership organized under the laws of the State of Nebraska.

4. Andrew Huber ("Huber") is an attorney formerly employed by LDM and residing in Douglas County, Nebraska.

5. Jurisdiction and venue are appropriate in this Court because acts giving rise to this Complaint occurred in Douglas County, Nebraska and/or the business at issue has its principal place of business in Douglas County, Nebraska.

## JURISDICTIONAL STATEMENT

1

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00.

## BACKGROUND FACTS

7. The foregoing paragraphs are incorporated as if fully stated herein.

8. Ardellini Holdings is owned and operated by an individual, Donato Ardellini, ("Ardellini"), an individual residing in Ontario, Canada.

9. Ardellini and Ardellini Holdings hired LDM and Huber in January of 2022 for the purpose of representing Ardellini and Ardellini Holdings in its acquisition of shares in American Hockey Group, LLC ("AHG").

10. AHG is a Minnesota limited liability company doing business in the State of Nebraska and owns and operates the Omaha Lancers hockey team.

11. The Omaha Lancers are a part of the United States Hockey League ("USHL").

12. The Omaha Lancers principal address is 7300 Q Street, Omaha, Nebraska 68127.

13. In January of 2022, AHG was owned as follows:

- Michael Picozzi:                      53.1%
- Crossbar Down, LLC                    39.9%
- Gene Koborg and Michele Wetzel        2.2%
- Josh Mervis                           1.4%
- Odd Man Rush, LLC                     1.0%
- NA Hockey LLC                         1.5%

14. LDM was representing Ardellini on acquiring the 39.9% interest owned by Crossbar Down, LLC ("Crossbar").

15. At the time, AHG was governed by the 2014 Operating Agreement of American Hockey Group, LLC ("Operating Agreement") and the January 17, 2021 Amended and Restated Member Control Agreement of American Hockey Group, LLC ("Member Control Agreement").

16. Under the Operating Agreement and Member Control Agreement, all power was governed by a majority vote. This meant Picozzi alone had sole control over all operations of AHG.

17. On February 25, 2022, Huber sent a memorandum to Ardellini outlining several issues with the current governing documents, particularly that there is only "one class of Units in the Company" and that all members have "voting power in proportion to their membership interests in the Company."

18. In response to Huber's memorandum, Ardellini expressly told Huber that he would only invest in AHG if Ardellini had equal 50/50 voting rights in AHG.

19. On February 28, 2022, following his communication with Ardellini, Huber sent an email to Picozzi identifying changes needed to the Member Control Agreement and the Operating Agreement. These included Ardellini's requirement that he was a 50/50 voting member.

20. In response, Picozzi stated that he was fine with the first two proposed changes, but disagreed on the proposed change that a deadlock between Ardellini and Picozzi would be decided by a neutral third party, as Picozzi said "[i]f we have a deadlock the majority owner will cast the deciding vote."

21. Huber relayed Picozzi's response and refusal on the voting rights amendment to Ardellini. Ardellini responded that he was not in agreement and he would speak to Picozzi directly.

22. On March 3, 2022, Ardellini and Picozzi had a telephone call to discuss the acquisition and voting rights. Ardellini told Picozzi that he would not agree to acquire Crossbar's shares if he was not an equal 50/50 voting partner in all aspects of AHG. On this call, Picozzi agreed that Ardellini and Picozzi would be a 50/50 voting partners in all aspects of AHG and that in the event of a disagreement the parties would arbitrate their disputes.

23. After the call, Ardellini told Huber about the agreement he reached with Picozzi. On March 3, 2022, Huber sent a redline of the governing documents to Picozzi for approval prior to closing. This included revised Section 2.9:

> 2.9 Acts of Board. The Board shall take action by the affirmative vote of a majority of the governors present at a duly held meeting. In the event that the Board becomes deadlocked or otherwise reach an impasse with respect to any aspect of the management or operation of the Company or the Company's assets, the governors, shall have ten (10) business days to resolve the deadlock. If at the end of the ten (10) business days, the governors are still deadlocked, the dispute shall be submitted to arbitration. The parties shall each select and hire one member of the panel of Judicial Arbitration and Mediation Services, Inc. ("Judge"). The Judge shall be a retired judge experienced with board of governors and closely held businesses. As soon as reasonably possible, but no later than forty (40) days after the Judge is selected, the Judge shall meet with the parties at a location reasonably acceptable to all parties. The Judge shall determine the matter within ten (10) days after any such meeting. Each party shall pay half the costs and expenses of the Judge.

24. In response to the redline changes to the Operating Agreement and Member Control Agreement, Picozzi stated:

> We need you to sign the equity purchase agreement. Then a document for a background check so the league can do the check and vote him in. After he is voted in we can sell the shares.

25. On March 4, 2022, Huber directed Ardellini to execute the Equity Purchase Agreement to acquire Crossbar's shares.

26. On March 7, 2022, Huber coordinated with Crossbar's owner, Anthony DiCesare, to secure his signature on the Equity Purchase Agreement. Ardellini similarly signed the Equity Purchase Agreement.

27. At no time did Huber secure signatures for the Amended Operating Agreement or Amended Member Control Agreement.

28. On March 30, 2022, the parties closed on the sale and Ardellini Holdings paid $2,840,000.00 and officially acquired an ownership interest in AHG.

29. On March 30, 2022, Ardellini Holdings paid $2,840,000.00 to acquire not less than 39.9% of AHG. Picozzi owns 53.1%.

30. In November of 2022, Ardellini was reaching back out to Huber attempting to get a copy of the executed amended governing documents.

31. On January 4, 2023, Picozzi texted Ardellini:

Hey. I need the updated member control agreement you signed when you purchased from Kootz [DiCesare].

I need to update that one and remove some owners.

I am speaking to a few guys about taking you out.

I want that cleaned up before I send to them.

32. Picozzi apparently believed that the parties had signed the amended governing documents as well.

33. On January 31, 2023, Huber emailed Ardellini a copy of the updated Operating Agreement and Member Control Agreement that Huber had drafted. Huber acknowledged that Ardellini and Picozzi agreed to execute the updated governing documents, and specifically "agreed on the 50/50 vote as governors."

34. In March of 2023, Ardellini forwarded the closing documents between Ardellini Holdings and Crossbar to Picozzi. At this point, Picozzi understood that the agreed upon changes to the Member Control Agreement and Operating Agreement were not formally executed. Picozzi immediately changed his position and refused to acknowledge Ardellini was a 50/50 voting member.

35. From this point forward, Picozzi began referring to Ardellini as simply a minority owner and stopped allowing him to have access to various information.

5

36. In an effort to mitigate his damages, Ardellini and Ardellini Holdings filed suit in the United States District Court for the District of Nebraska, *Ardellini Holdings v. American Hockey Group*, Case No. 8:23-cv-357 ("Federal Litigation").

37. Similarly, to protect the rights and interests of Ardellini Holdings, Ardellini caused to be filed *Ardellini Holdings Inc. v. Picozzi et al.*, CI24-5246 in the District Court of Douglas County, Nebraska ("State Litigation").

38. Ardellini and Ardellini Holdings were ultimately able to enter into an agreement with Picozzi under which Ardellini could transfer his ownership interests to a third party for $1,897,425.47, equating a loss of $942,574.53.

39. This loss in value of Ardellini Holdings ownership interest was caused as a direct and proximate result of LDM and Huber's failure to competently represent Ardellini and Ardellini Holding's in the acquisition of Crossbar's shares in AHG, and failure to secure 50/50 voting rights in AHG. But for LDM and Huber's failure, Ardellini Holdings would not have sold its' shares in AHG and would not have realized a loss in $942,574.53.

40. In an effort to mitigate its' damages, Ardellini and Ardellini Holdings spent more than $100,000.00 in attorneys fees.

41. Ardellini and Ardellini Holdings is entitled to not less than $1,042,574.53 as a direct and proximate result of LDM and Huber's failure.

42. Ardellini, Ardellini Holdings, Huber and LDM entered into a tolling agreement, tolling all applicable statute of limitations for claims for professional negligence against Huber and/or LDM for a period of 90-days following the final resolution of the Federal Litigation and the State Litigation.

43. A judgment was entered dismissing the Federal Litigation on August 11, 2025.

44. A judgment was entered dismissing the State Litigation on August 11, 2025.

45. This lawsuit is timely filed within the tolling period of the Tolling Agreement and is within the applicable period of the statute of limitations against LDM and Huber.

## CAUSE OF ACTION
## PROFESSIONAL NEGLIGENCE

46. The foregoing paragraphs are incorporated as if fully stated herein.

47. LDM and Huber represented Ardellini and Ardellini Holdings with regards to Ardellini Holding's acquisition of shares in AHG.

48. LDM and Huber had a duty to competently represent Ardellini and Ardellini Holdings in the acquisition of shares in AHG.

49. LDM and Huber breached its' duty to Ardellini and Ardellini Holdings in the acquisition on shares of AHG, including but not limited to failing to protect Ardellini and Ardellini Holdings rights by not securing an executed copy of the Amended Member Control Agreement and Amended Operating Agreement prior to advising Ardellini to execute the Purchase Agreement and close on the acquisition.

50. Ardellini and Ardellini Holdings were harmed as a direct and proximate result of LDM and Huber's breach, including but not limited to:

    a. $942,574.53 in loss of value of the ownership interest as a result of the lack of voting rights;

    b. Not less than $100,000 in fees spent attempting to mitigate damages.

51. Ardellini and Ardellini Holdings are entitled to damages of not less than $1,042,574.53 as a direct and proximate result of the breach by LDM and Huber.

## DEMAND FOR JURY TRIAL

52. Plaintiff hereby demands trial by jury on all claims so triable.

53. Pursuant to United States District Court of Nebraska Local Rule 40.1(b), Plaintiff requests the trial to be held in Omaha, Nebraska.

WHEREFORE, the Plaintiff respectfully prays to the Court for an Order:

1. A judgment against LDM and Huber, jointly and severally, for $1,042,574.53;

2. General and special damages in an amount to be determined at trial;

3. Any other relief as the Court deems appropriate, including attorney fees, costs, and pre and post judgment interest.

Dated this 13th day of October, 2025.

                                              ARDELLINI HOLDINGS INC., and DONATO ARDELLINI

By:    */s/ Robert S. Sherrets*
        Robert S. Sherrets, NE # 24791
        Diana J. Vogt, NE #19387
        SHERRETS BRUNO & VOGT LLC
        260 Regency Parkway Drive, Ste. 200
        Omaha, Nebraska 68114
        Tele:  (402) 390-1112
        Fax:  (402) 390-1163
        Email: law@sherrets.com
        ATTORNEY FOR THE PLAINTIFFS